UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:24 CR 455 CMS |
| MICHAEL BARTON, | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

The United States of America, by and through its Attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Michael K. Hayes, Assistant United States Attorney for the District, hereby responds to Defendant's Objections to the Presentence Investigation Report (PSR).

**I. The cross-reference pursuant to USSG § 2G2.2(c)(1) should apply.**

A cross-reference under § 2G2.2(c)(1) applies "if the offense involved causing, transporting, permitting, or offering or seeking by notice or advertisement, a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct." Defendant concedes that the video of Victim 1 masturbating and then exposing his erect penis qualifies as "sexually explicit conduct" under 18 U.S.C. § 2256(2)(a). He disputes only "that he knew or did anything to coax" Victim 1 to engage in the sexually explicit conduct. However, Defendant admitted facts in his plea agreement sufficient for a finding, by at least a preponderance of the evidence, that he both "caused" and "permitted" the minor victim to engage in the sexually explicit conduct at issue. Defendant's objection to the application of the cross-reference should be overruled.

Defendant introduced 12-year-old Victim 1 to pornography, encouraged him to masturbate, and recorded Victim 1 with a hidden camera while Victim 1 watched pornography on Defendant's VR headset and masturbated. From the plea agreement:

- Victim 2 sent Defendant a Snapchat message containing images of adult pornography and the caption, "doin it rn" (doing it right now). The Government submits that "it" is a reference to Victim 1 masturbating.
- While otherwise minimizing Defendant's abusive conduct, Victim 2 told investigators that he watched pornography on the VR headset at Defendant's residence because that was what Defendant told him to do.
- During his hour-long "massage" of Victim 1 during the night of October 28, 2023, Defendant looked directly into the hidden camera in his living room, more than once, demonstrating his knowledge of the placement of the camera and of his intent to record the incident.

Additionally, during the "massage," Defendant showed Victim 1 something on Defendant's phone and at then gestured with his (Defendant's) hand in a manner resembling masturbation. From the investigative report: "Barton makes a hand movement to [Victim 1] that resembles a male masturbating." Without the benefit of the video, the U.S. probation officer inaccurately reported that Defendant "made a hand movement that appears to be masturbating [Victim 1's] penis." PSR ¶ 14. The Government has flagged this inaccuracy with the probation officer and expects a revision in the Final PSR. The Government concedes that with respect to the "massage" video clips, neither Defendant's nor Victim 1's genitals are visible. But the encounter was highly sexualized, with Defendant and Victim 1 both in their underwear and Defendant gesturing with his hand in a manner suggestive of masturbation. They slept together on the couch and Defendant masturbated himself the next morning while Victim 1 remained asleep. The evidence supports a judicial finding that Defendant both "caused" and "permitted" Victim 1 to masturbate on that

same couch, two weeks later.

The Eighth Circuit has repeatedly upheld convictions for production of child pornography where the production, or attempted production, involved installation of hidden cameras to capture nude images of children. *See United States v. McCoy*, 108 F.4th 639, 647 (8th Cir. 2024) (evidence sufficient where the defendant directed minor to use a particular bathroom and shower with knowledge that his prepositioned camera would capture images of her); *United States v. Wilson*, 142 F.4th 1045, 1051 (2025) (evidence of attempted production of child pornography sufficient where the defendant "placed cameras where [minor victim] was most likely to be naked, set them to record for an extended period of time, and hid them to avoid detection").

Eighth Circuit precedent and the admitted facts support application of the disputed cross-reference. To the extent that there remains any dispute at sentencing about the content of the video clips described in the plea agreement and in the PSR, the Government will stand ready to publish the video clips to resolve said dispute.

Defendant's guidelines, with application of the disputed cross-reference, are found in USSG § 2G2.1. Defendant's Base Offense Level is 32. He should receive a 2-level enhancement because Victim 1 was 12 years old. He should receive a 2-level enhancement because the offense involved the commission of a sexual act (masturbation). He should receive a 2-level enhancement because Victim 1 was in his "care, custody or supervisory control." He should receive a 2-level enhancement because he used a computer or interactive computer service to persuade, induce or entice Victim 1 to engage in sexually explicit conduct. With deductions for his timely acceptance of responsibility, Defendant total offense level is 37.

## II. Victim 2's sexual abuse allegations are relevant and should remain in the PSR.

Should the Court apply the cross-reference to Production of Child Pornography, as urged by the Government, then it will not be necessary for the Court to make any finding regarding the yet-unproven allegations made by Victim 2, as described in the Plea Agreement and in the PSR. The 5-level originally submitted by the Government in the Plea Agreement will not apply against Defendant, because Defendant's "offense of conviction," Possession of Child Pornography, is not a "covered sex crime" under USSG § 4B1.5(b).

However, should the Court not apply the cross-reference urged by the Government, then Victim 2's allegations are relevant to an enhancement under USSG § 2G2.2(b)(5): "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." The Government submits that Victim 2's allegations are true, and the Government will stand ready at sentencing to offer the testimony of Victim 2 for the Court's consideration, should it be necessary for application of the enhancement under § 2G2.2(b)(5). As such, Defendant's objection to the inclusion of the allegations in the PSR should be overruled.

Respectfully submitted,

THOMAS C. ALBUS
United States Attorney

*/s/ Michael K. Hayes*
Michael K. Hayes #61395 (MO)
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2026, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon Matt Radefeld, Attorney for Defendant.

*/s/ Michael K. Hayes*
MICHAEL K. HAYES #61395(MO)
Assistant United States Attorney